IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CV 169

| | |
|---|---|
| MALCOLM DAVIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WELLS FARGO CARD SERVICES,[1] ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND <br> RECOMMENDATION |

This matter is before the Court on Defendant's Motion to Dismiss (# 4). The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, the Court will recommend that Defendant's motion be GRANTED.

### I.  Procedural Background

This action was filed in the District Court for Buncombe County, North Carolina. Not. Rem. (# 1) at 1; see Malcolm Davis v. Wells Fargo Card Services, Case No. 18-CV-001075. On May 18, 2018, Plaintiff filed his "Complaint For Money Owed." Not. Rem. (# 1) at 2; see Compl. (# 1-1) Ex. A at 3. On May 25, 2018, Defendant was served with a copy of Plaintiff's Complaint and Summons. Not. Rem. (# 1) at 2; see Summons, Compl. (# 1-1) Ex. A at 2-3.

On June 14, 2018, this case was removed to this Court pursuant to federal question

---

[1] Plaintiff has named Defendant as "Wells Fargo Card Services, 1 Haywood Street, Asheville, NC 28801." See Compl. (# 1-1) Ex. A at 3. Defendant asserts that this name is improper, and its proper name is "Wells Fargo Bank, N.A." Not. Rem. (# 1) at 1.

jurisdiction.  See 28 U.S.C. § 1331 ("The district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

On June 18, 2018, Defendant filed the instant Motion to Dismiss (# 4) and Memorandum in Support (# 5).  On June 20, 2018, the Court sent pro se Plaintiff a notice in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), which advised him that he had a right to respond to Defendant's Motion to Dismiss on or before July 2, 2018.  See Order (# 6).  Plaintiff failed to file a response, and the time for doing so has passed.  See id.

At the outset, the Court recognizes that Plaintiff is a pro se litigant.  Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by counsel.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  "While the courts liberally construe pro se pleadings as a matter of course, judges are not also required to construct a party's legal arguments for him."  Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir.1993) (internal citation omitted).

## II.    Factual Background

The facts, as set forth in Plaintiff's "Complaint For Money Owed," are as follows.[2]  Plaintiff alleges that the principal amount Defendant owes him is $5,000; Defendant does not owe him any interest; and the total amount Defendant owes him is $5,000.  Compl. (# 1-1) Ex. A at 3.  Plaintiff alleges that Defendant violated the "FCRA section 623," "FCRA

---

[2] When evaluating a motion to dismiss, the Court must accept the plaintiff's alleged facts as true and view them in a light most favorable to the plaintiff.  See Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996).  In this case, the facts are derived from Plaintiff's Complaint.  See Compl. (# 1-1) Ex. A at 3.

2

section 604," "FDCPA section 805(a)(3)," "FDCPA section 205," and "FDCPA section 806." Id.

## III. Legal Standard

The central issue for resolving a Federal Rule of Civil Procedure 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion, the court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192. Although a court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192.

The claims need not contain "detailed factual allegations," but they must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. Id. Federal Rule of Civil Procedure 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows

3

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; accord Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

### IV. Discussion

In Defendant's only argument before this Court, it summarily contends that Plaintiff's Complaint is devoid of allegations to support his claims. Def.'s Mem. Supp. (# 5) at 2. The Court whole-heartedly agrees. A review of Plaintiff's Complaint reveals that it provides only a minimal amount of information and contains no allegations sufficient to support a claim. See Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (recognizing that a court cannot "ignore a clear failure in the pleadings to allege any facts which set forth a claim").

### V. Conclusion

Considering the foregoing, the Court RECOMMENDS that Defendant's Motion to Dismiss (# 4) be GRANTED, and Plaintiff's Complaint, (# 1-1) Ex. A at 3, be DISMISSED with prejudice in accordance with Federal Rule of Civil Procedure 12(b)(6).[3]

---

[3] See Strickland v. Angel Med. Ctr., Inc., No. 2:99CV21, 1999 WL 33320442, at *4 (W.D.N.C July 16, 1999) (recommending that the First Claim be dismissed with prejudice to comply with Rule 12(b)(6)).

Signed: September 29, 2018

*Dennis L. Howell* (signature)

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal.  See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).